IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ANTHONY G. CLARKE,

          Plaintiff,

vs.

STATE OF TENNESSEE, et al.,

          Defendants.

No. 04-1275-T/An

---

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR CLASS CERTIFICATION
ORDER DENYING MOTION FOR INJUNCTIVE RELIEF
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff Anthony G. Clarke, a resident of Saltillo, Tennessee, who was previously

confined as an inmate at the Hardin County Jail (HCJ), filed a complaint under 42 U.S.C.

§ 1983, along with motions to proceed in forma pauperis and for injunctive relief. Clarke

was released from the HCJ on September 5, 2004, and filed his complaint on October 20,

2005. The motion to proceed in forma pauperis is GRANTED.[1] The Clerk shall record the

---

[1] The Prison Litigation Reform Act of 1995, (PLRA), Title VIII of Pub.L. 104-134, 110 Stat. 1321 (April 26, 1996), which amended the in forma pauperis statute, 28 U.S.C. § 1915, does not apply to a complaint once the plaintiff is released from prison.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 5/05/05



defendants as the State of Tennessee, Phil Bredesen, Quentin White, Kevin Davis, Gary Austin, and Hardin County.[2]

I.    Class Action

The preliminary issue raised by this case is the plaintiff's attempt to orchestrate what is, in effect, a class action. Although the complaint lists only Anthony G. Clarke as plaintiff, his allegations are on behalf of "prisoners" at the HCJ. No other prisoner signed the complaint or submitted affidavits to proceed in forma pauperis. Fed. Rule Civ. P. 11 requires that every pleading be signed by an attorney, or if the party is not represented by an attorney, be signed by the party. Accordingly, as Clarke is the only plaintiff to comply with Rule 11, he is the only plaintiff in this case.

Insofar as Clarke is attempting to seek class certification under Fed. R. Civ. P. 23(a)(4), he is not entitled to file this case on behalf of any other inmate. Pro se prisoners are not adequate class representatives able fairly to represent the claims of the class. Inmates, Washington County Jail v. England, 516 F. Supp. 132 (E.D. Tenn. 1980), aff'd, 659 F.2d 1081 (6th Cir. 1981). Neither does plaintiff have a cause of action under § 1983 against any defendant based on his witnessing alleged violations of the constitutional rights of other inmates. Coon v. Ledbetter, 780 F.2d 1158, 1160-61 (5th Cir. 1986); Rogers v. Gilless, No. 95-2220-Ml/Bre (W.D. Tenn. Apr. 28, 1995) (following Coon in dismissing claims by jail detainee as frivolous). Cf. Jaco v. Bloechle, 739 F.2d 239, 241 (6th Cir.

---

[2]    Plaintiff named the HCJ as a defendant. The Jail is not a suable entity. Therefore the Court construes the complaint to name Hardin County as the defendant. See Hafer v. Melo, 502 U.S. (1991).

1984)(holding § 1983 cause of action is personal to the injured party); <u>Krum v. Sheppard</u>, 255 F. Supp. 994, 997 (W.D. Mich. 1966)(holding only an injured party has standing to sue). Clarke, thus, cannot assert any violations of other inmates' rights.

Furthermore, the attempted class action interferes with the Court's duty to apply § 1997e(a) as a threshold matter to this case. The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. <u>Brown v. Toombs</u>, 139 F.3d 1102, 1104 (6th Cir. 1998). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. <u>Knuckles El v. Toombs</u>, 215 F.3d 640, 642 (6th Cir. 2000).

The conclusory complaint raises multiple issues. Each individual prisoner must demonstrate that he has exhausted his available administrative remedies on each claim presented. The complaint fails to make such a demonstration as to any purported plaintiff. "District courts should not have to hold time-consuming evidentiary hearings in order simply to determine whether [they] should reach the merits or decline under the <u>mandatory</u> language of § 1997e ("No action shall be brought . . . .")." <u>Id.</u> (emphasis added). Furthermore, <u>Knuckles-El</u> indicates that this inquiry is jurisdictional: "[i]n the absence of specific averments, a district court must hold an evidentiary hearing or otherwise spend a lot of time with each case just trying the find out whether it has <u>jurisdiction</u> to reach the merits." <u>Id.</u> (emphasis added).

3

To the extent that the complaint may be construed as containing a motion for class certification, the motion is DENIED. Any other inmate seeking to file a complaint must do so independently after exhausting administrative remedies on the claim he wishes to raise.

II.    Analysis of Claims

Plaintiff sues the State of Tennessee, Governor Phil Bredesen, Tennessee Department of Correction Commissioner Quentin White, Hardin County Mayor Kevin Davis, Hardin County, and HCJ Jail Administrator Gary Austin alleging that HCJ policies and procedures violate the constitutional rights of jail inmates. Plaintiff lists as major issues: healthcare, diet, exercise, discipline, court access, library access, inadequate grievance procedure, interference with legal mail, jail conditions, and poor management. The majority of plaintiff's claims are phrased in conclusory fashion on behalf of all prisoners at the HCJ, therefore the claims do not relate facts demonstrating any specific deprivation or act committed by any defendant which affected the plaintiff personally. Plaintiff does allege that he was "threatened" with a maximum security cell for petitioning city and county officials on behalf of other prisoners regarding jail conditions and after submitting a grievance to Jail Administrator Gary Austin because plaintiff's privileges had been suspended.

Plaintiff's claims against the State of Tennessee are barred by sovereign immunity. Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits against a state in federal court.

4

Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Pennhurst State Schl. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984); Quern v. Jordan, 440 U.S. 332 (1979).  A state is not a person within the meaning of 42 U.S.C. § 1983.  Will v. Michigan, 491 U.S. 58, 71 (1989).  Even to the extent that a suit seeks only injunctive relief against the State, the Eleventh Amendment still bars the action.  Idaho v. Coeur D'Alene Tribe of Idaho, 117 S. Ct. 2028, 2041-42 (1997).

Furthermore, a city or county can only be held liable under § 1983 for a custom or policy that results in the deprivation of the plaintiff's constitutional rights.  A city or county "is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city [or county] itself is the wrongdoer." Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121 (1992).  See also Jett v. Dallas Independent School District, 491 U.S. 701, 726-29 (1989)(discussing history of civil rights statutes and concluding that Congress plainly did not intend to impose vicarious liability on counties, municipalities or other local governmental bodies); City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)(rejecting simple vicarious liability for municipalities under § 1983); City of St. Louis v. Praprotnik, 458 U.S. 112, 122 (1988)(interpreting rejection of respondeat superior liability by Monell v. Dept. of Soc. Serv., 436 U.S. 658, 691 (1978), as a command that "local governments . . . should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights"); Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)(same); Stemler v. City of Florence, 126

5

F.3d 856, 865 (6th Cir. 1997)(rejecting claims against city and county and holding that "in order to state a claim against a city or a county under § 1983, a plaintiff must show that her injury was caused by an unconstitutional 'policy' or 'custom' of the municipality", citing Pembaur).  None of the facts alleged supports an inference that plaintiff's alleged damages resulted from an unconstitutional custom or policy of the city or county.

Furthermore, plaintiff alleges no specific actions by defendants Bredesen, White, and Davis.  It is well settled that an individual defendant's liability under § 1983 must be predicated upon some showing of direct, active participation in the alleged misconduct. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  There is no respondeat superior liability under § 1983.  Monell, 436 U.S. at 658.  When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."  Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985).  It is clear that plaintiff relies entirely on the supervisory capacity of these defendants over state and county facilities as the basis for any claims that they violated plaintiff's constitutional rights.

Clarke alleges that defendant Austin "threatened" him with placement in a maximum security cell.  Neither verbal harassment nor the mere use of abusive language by prison officials can support liability under § 1983.  Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987)(holding that verbal abuse or harassment does not constitute punishment under the Eighth Amendment); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985)(holding verbal

threats to reclassify a prisoner non-cognizable under § 1983); <u>Banks v. Klapish</u>, 717 F. Supp. 520 (W.D. Mich. 1989); <u>Gilson v. Cox</u>, 711 F. Supp. 354 (E.D. Mich. 1989); <u>Rahman v. Stephenson</u>, 626 F. Supp. 886, 888 (W.D. Tenn. 1986); <u>Coyle v. Hughs</u>, 436 F. Supp. 591, 593 (W.D. Okla. 1977)(threatening words and gestures by custodial officer do not amount to a constitutional violation).

As to Clarke's claims for injunctive relief, any claims for injunctive relief are moot since he is no longer confined at the HCJ. "'In general a case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1982)(quoting <u>United States Parole Comm'n v. Geraghty</u>, 445 U.S. 388, 396 (1980)).

The absence of a presently live controversy may not render a case moot if it falls within the exception of being "capable of repetition, yet evading review." <u>Murphy</u>, 455 U.S. at 482. Two elements must exist for this exception to apply: the shortness of the challenged action would prevent litigation before it ends, and the reasonable expectation that the petitioner will again be subjected to the same action. <u>Id.</u>

This case does not pass the evading review prong of the test. A "mere physical or theoretical possibility" will not satisfy this test. <u>Murphy</u>, 455 U.S. at 482. The petitioner must show "a reasonable expectation or a demonstrated probability that the same controversy will recur." <u>Id.</u> <u>See</u> <u>Thompson v. Smith</u>, 719 F.2d 938 (8th Cir. 1983); <u>Peck v. Mortimer</u>, 650 F.2d 929 (8th Cir. 1981); <u>Willis v. Ciccone</u>, 506 F.2d 1011 (8th Cir. 1974)(all holding

moot a conditions of confinement challenge because the prisoner was no longer confined in the allegedly offending institution).

Here, plaintiff does not allege any facts that would support a claim of reasonable expectation or demonstrated probability that this same controversy will recur. In particular, he does not allege any expectation or probability that he will again find himself confined at the HCJ. His claims for injunctive relief are thus moot.

Accordingly, the entire complaint fails to state a claim upon which relief may be granted. As the complaint fails to state a claim, it is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

II. <u>Appeal Issues</u>

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this complaint for failure to state a claim also compel the conclusion that an appeal would also fail to provide any basis for relief.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter is not taken in good faith, and the plaintiff may proceed on appeal <u>in forma pauperis</u>.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case. The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this 2 nd day of May, 2005.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 1:04-CV-01275 was distributed by fax, mail, or direct printing on May 5, 2005 to the parties listed.

---

Anthony Glen Clarke
P. O. Box 24
Saltillo, TN 38370

Honorable James Todd
US DISTRICT COURT